# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 16-538 |
| v. | ) ) | Judge Cathy Bissoon |
| SEAGATE TECHNOLOGY (US) HOLDINGS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## THIRD AMENDED FINAL PRETRIAL ORDER

IT IS ORDERED THAT:

1.      A jury trial in this matter is scheduled for **February 7, 2022, at 9:00 a.m.** in Courtroom 3A.  The trial will be completed within **six** business days.  Openings shall be limited to **15 minutes** per side and closings shall be limited to **25 minutes** per side.  Both sides shall have **11 hours** of presentation time (exclusive of openings and closings, but inclusive of direct and cross examinations) during the trial.

2.      All exhibits, excluding those used solely for impeachment purposes, must be listed in the pretrial narrative statements.  The parties are expected to comply with Local Rule 16.1.C.5.a by exchanging exhibits prior to the Final Pretrial Conference and should be prepared to indicate a position at the Final Pretrial Conference with regard to the authenticity and admissibility of the opponent's exhibits and indicate to which, if any, exhibits there is a stipulation as to authenticity and admissibility.  All exhibits shall be marked before trial and two copies of all exhibit binders shall be supplied to the Court.  To the extent feasible, exhibits used

in direct examination should appear in the binders according to the order in which they are to be introduced.

3.      Any depositions or any portion thereof to be read into evidence shall be identified in the offering party's pretrial narrative statement by page(s) and line number.  Objections to the admissibility of any portion thereof shall be set forth in a motion *in limine*.

4.      Proposed jury instructions, proposed verdict forms and proposed *voir dire* shall be filed on or before **November 2, 2021**.

5.      To the extent applicable, the Court will follow the Court of Appeals for the Third Circuit's Model Civil Jury Instructions.  **The Court requires counsel to confer and submit a single set of agreed upon joint jury instructions and a jointly proposed verdict form**.  To the extent that the parties cannot agree on a particular instruction or form, counsel for each party shall submit his/her version of the particular instruction and/or form, along with supporting authority for that instruction or form.  Any requests for deviation from applicable Third Circuit Model Instructions likewise should be supported by legal authority, as should requests for the exclusion of any particular instruction.  **Proposed jury instructions and/or verdict forms that do not comply with the aforementioned directives will be summarily stricken.**

6.      By **January 24, 2022**, the parties shall file:  a stipulated statement of the case to be read to the jury during preliminary jury instructions; a statement of stipulated background facts that may be read to the jury in advance of the parties' presentation of evidence; a joint statement on any disputes regarding authenticity/admissibility that should be resolved prior to trial, which shall include a discussion of each party's position as to each disputed item; and a final list of witnesses to be read to the jury.

The anticipated absence of any witness shall not be sufficient cause to delay the trial. Video tape deposition services are available through the Clerk of Court or the local bar association.

7.     The Final Pretrial Conference is scheduled for **January 31, 2022** at **10:00 a.m.** in Courtroom 3A.  Prior to that conference, the parties shall meet and confer regarding settlement of the case and, at least three (3) business days prior to the Final Pretrial Conference, counsel for every party shall submit a position letter to this Court.  The position letter shall set forth the following:  (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather **emailed** to:

**bissoon_external@pawd.uscourts.gov**.  All position letters will be kept **confidential**.

**Counsel and their clients, or persons with full settlement authority (including insurance companies), must be present at the Final Pretrial Conference**.  A person with full settlement authority is **not** someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount. Absent Court approval in advance of the Conference, for good cause shown, the Court will not entertain telephone participation in settlement negotiations.  Any party who fails to secure the attendance of person(s) with full settlement authority, may be summarily assessed the costs and attorney's fees of those parties who have secured such attendance, and the Court, it its discretion, may reschedule the Conference to a date and/or time at which a person or persons with full settlement authority will attend.

8.      Counsel must familiarize themselves with the Practices and Procedures of the

undersigned regarding trial (see web page at  http://www.pawd.uscourts.gov/content/cathy-

bissoon-district-judge).


February 11, 2021                                         s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge


cc (via ECF email notification):

All Counsel of Record