IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC,<br>               Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY (US) HOLDINGS, INC., *et al.*,<br>               Defendants. | Civil Action No. 16-538<br><br>Judge Cathy Bissoon |

## ORDER

Plaintiff Lambeth's Motion for Reconsideration (Doc. 385) will be granted.

The Court previously had denied Plaintiff's motion for summary judgment (Doc. 157) with respect to Defendants' affirmative defenses of standing and express license. ("Summ. J. Op."), Doc. 221 at 39–42.  In so holding, the Court rejected Lambeth's argument that "the language of the sponsorship agreements with CMU indicates a future obligation to transfer a license rather than a present assignment of the license, and that no license was ever transferred." (Id. at 42 n.27.)  The Court reasoned that "'shall become the property of the University' is a clear grant to CMU, and '[CMU] shall grant to the Corporation,' in the context of the agreement specifying how rights are to be apportioned among the relevant entities, both indicate a present assignment of rights." (Id.)

But in Omni MedSci, Inc. v. Apple Inc., the Federal Circuit recently examined identical contractual language and concluded that such language is "at most, a statement of a future intention to assign the patents at issue." 7 F.4th 1148, 1157 (Fed. Cir. 2021).  The circuit explained that "absence of an active verbal expression of present execution is a substantive indication that a present automatic assignment [is] not intended." Id. at 1156.

As controlling precedent, <u>Omni Medsci</u> requires this Court to reconsider its summary judgment ruling. Because the agreements in record do not contain "an active verbal expression of present execution," *id.*, title of the asserted patent did not automatically transfer to CMU and, CMU, therefore, could not have licensed that patent to Defendants.

Therefore, consistent with the foregoing, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Doc. 385) is GRANTED and Plaintiff is entitled to summary judgment on Defendants' affirmative defenses of lack of standing and express license.

IT IS SO ORDERED.


March 14, 2022                                          s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record