**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 16-538 ) |
| | ) Judge Cathy Bissoon |
| SEAGATE TECHNOLOGY (US) HOLDINGS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

The parties' joint motions Regarding Proposed Redactions to their respective Pretrial Statement Exhibits, Doc. 252, ("Pl.'s Joint Mt.") & Doc. 257, ("Defs.' Joint Mt.), will be granted in part and denied in part.

**ANALYSIS**

Based on In re Avandia Marketing Sales Practices & Products Liability Litigation, this Court must assess if the common law right of access applies to the proposed redactions. 924 F.3d 662, 670–73 (3d Cir. 2019). If the common law right of access applies, then the Court must assess if the parties' reasoning to keep redactions under seal overcomes the common law presumption of access. Id. Finally, if the Court determines that any documents should remain sealed, the Court must then consider whether the First Amendment right of public access attaches. Id. at 673, 680.

Here, parties do not dispute that the documents in question constitute judicial records and are subject to the common law presumption of access. To overcome this presumption, parties must demonstrate that their proposed redactions encompass "the kind of information that courts

will protect, and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. at 672.  The Court finds that parties' requests for redactions are compelling enough to overcome the common law presumption of access.

Specifically, Plaintiff argues that its proposed redactions include details from confidential presentations and agreements with various third parties.  Pl.'s Joint Mt. at 1–2.  According to Plaintiff, disclosing such information would be detrimental to those third parties, as well as harm their—*i.e.*, both Plaintiff's and the third parties'—negotiating positions in the marketplace.  Id. at 3.  Further, Plaintiff contends that sealing also is warranted to the extent Plaintiff is contractually obligated not to disclose information from its licensing and settlement agreements with third parties.  Id.

Similarly, Defendants assert that their proposed redactions comprise internal research as well as business and financial information, for which public has a reduced interest in disclosure.  Defs.' Joint Mt. at 2.  Defendants maintain that sealing is justified because, if made public, this information could harm their standing in the market.  Id. at 3.  These, the Court finds, are "compelling, countervailing interests to be protected."[1]  Avandia, 924 F.3d at 672.

There also is no dispute that the proposed redactions are subject to the First Amendment right of public access.  See id. at 673.  ("[T]he public and the press have a First Amendment right of access to civil trials.").  When the First Amendment right attaches, "[a]ny restriction on the right of public access is evaluated under strict scrutiny" and a party may only rebut the presumption in favor of access by "demonstrat[ing] an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly

---

[1] The Court makes its specific findings as to each category of the proposed redactions later in this Order.

tailored to serve that interest." Id. Therefore, parties must demonstrate that their proposed redactions consist of the "the kind of information that courts will protect and that there is good cause for the order to issue." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984).

To determine whether the proposed redactions survive the First Amendment right of public access, the Court reviews each category of the parties' proposed redactions and makes the following findings.[2]

### i.  Category 1: Product Information

Defendants propose redacting the names of their products as well as information about the products' material configuration and measurements. According to Defendants, disclosure of this information, in combination with other material in the exhibits, would enable their competitors to copy Defendants' designs.

In this Circuit, "an interest in safeguarding a trade secret may overcome a presumption of openness." Publicker, 733 F.2d at 1073. While Defendants do not explicitly characterize the information in this category as a trade secret, the Court finds the analytical rubric of this category of information provides an appropriate method by which to analyze the proposed redactions. Cutsforth, Inc. v. Lemm Liquidating Co., LLC, No. CV 17-1025, 2020 WL 772442, at *2 (W.D. Pa. Feb. 18, 2020).

The Court finds that the information that Defendants seek to redact derives independent economic value from not being generally known by others who can obtain economic value from its disclosure and is subject to efforts that are reasonable under the circumstances to maintain its

---

[2] The Court notes that, after careful review of each of parties' proposed redactions, that the type of information requested can be categorized in this way and thus can receive the same type of analysis.

secrecy. Defendants have shown that this is the type of information that courts seek to protect, demonstrated their overriding interest in excluding the public from this information because of the potential harm they may suffer and narrowly tailored the redactions only to include information that would cause harm. Therefore, the information in Category 1 may be safeguarded against the First Amendment right of access.

### ii. Category 2: Research and Development and Manufacturing Information

Defendants proposed redactions in this category encompass their research and development and details of their manufacturing processes. The Court finds that much of this information is appropriately redacted, for the reasons discussed above.

But Defendants also have proposed redacting certain information under this category which—if disclosed—would <u>not</u> lead to the harm anticipated by Defendants. For example, Defendants seek to redact details about locations of certain manufacturing facilities, but a brief internet search reveals that Defendants have manufacturing facilities in Minnesota and Ireland. Similarly, redactions related to an expert's methods and calculations to estimate potential royalty bases and damages do not fit the bill. To be sure, such methods/estimates do not reveal information that competitors could leverage against Defendants. Accordingly, these proposed redactions shall not be sealed.

### iii. Category 3: Licensing Agreements and Practices

Defendants and Plaintiff request redactions to their respective licensing and settlement agreements and their licensing practices. Both parties argue that unsealing this information will harm their negotiating position in the market.

<u>Cole's Wexford Hotel, Inc. v. Highmark, Inc.</u> is instructive in evaluating whether this information would overcome the First Amendment right of public access. 2019 WL 7606242, at

*16 (W.D. Pa. Dec. 19, 2019) adopted by and modified in part by 2020 WL 337522 (W.D. Pa. Jan. 21, 2020).  In that case, the court found that the negotiated reimbursement rates of UPMC and Highmark "are confidential commercial information of the sort courts protect" because if the rates were disclosed, other entities could use the information to negotiate better rates for themselves.  2019 WL 7606242, at *28 (W.D. Pa. Dec. 19, 2019).

Here, disclosing parties' licensing practices and agreement terms would cause the same harm that was contemplated in Cole's Wexford Hotel.  Parties have shown that this is the type of information that courts seek to protect, demonstrated the potential harm that may result from disclosure, shown an overriding interest in keeping the requested redactions sealed and narrowly tailored the redactions only to include information that would cause harm.  Therefore, the Court finds that parties have overcome the First Amendment presumption of access with respect to this information.

However, Plaintiff also has proposed redactions of estimated agreement values from expert witnesses.  Because those estimates do not comprise terms from confidential agreements and disclosure of such estimates would not reveal actual agreement terms, Plaintiff has not met the burden of showing a specific harm that would occur from disclosure or that this is the kind of information that courts seek to protect.  Therefore, this information shall not be sealed.

### iv.   *Category 4: Licensing Agreements Made by Third Parties*

Plaintiff requests that the Court seal information produced by third parties because it is designated as "CONFIDENTIAL OUTSIDE COUNSEL'S EYE'S ONLY."  While calling something "confidential" does not overcome either the common law, or First Amendment presumption of access, the Courts finds that the information sought to be redacted in this Category is similar to that discussed in Category 3—*i.e.*, information containing the terms of

confidential agreements made by Plaintiff and Defendants. Disclosing this information would subject the third parties to the same type of harm that Plaintiff and Defendants would suffer by disclosure of the Category 3 information.

This is the type of information that courts seek to protect because there is a potential harm from disclosure and an overriding interest in keeping the requested redactions sealed. Additionally, Plaintiff narrowly tailored the redactions and only included information that would cause harm. Accordingly, this information is appropriately safeguarded against the First Amendment right of access.

### v.   *Category 5: Financial and Commercial Information*

Defendants seek to redact financial and sales data as well as analyses based on that data. According to Defendants, competitors could leverage this information to better compete with them, thereby inflicting harm. However, much of what Defendants seek to seal as sensitive financial information already is publicly available. For example, Defendants propose to redact company-wide financial information that either is on the Securities and Exchange Commission (SEC) website, or the proposed redaction easily is calculated from information disclosed by the SEC. Because this information already is available to Defendants' competitors, the harm described by Defendants will not occur from disclosure. Accordingly, this information shall remain unsealed.

Additionally, among the proposed redactions in this category are methods employed by an expert witness to calculate hypothetical royalty bases. Defendants have not shown a compelling, countervailing interest to justify sealing this information because disclosure of such estimates does not provide substantial insight into Defendants' business. Therefore, this information also shall not be sealed.

The same cannot be said of information that is not in the public domain—*i.e.*, Defendants' internal transfer pricing, internal demand estimates, and HDD sales. The Court finds that disclosure of this information would give Defendants' competitors an unfair advantage. Defendants have shown that this is the type of information that courts seek to protect, demonstrated the potential harm that they may suffer from disclosure, shown an overriding interest in keeping the requested redactions sealed and narrowly tailored the redactions to only include information that would cause harm.

Accordingly, the only information in this category that may be safeguarded against the First Amendment right of access is the financial and sales data that is not filed with the SEC and cannot be calculated from publicly available information.

## CONCLUSION

Consistent with the analyses above, the Court hereby enters the following:

## II. ORDER

Consistent with the foregoing, parties' joint motions Regarding Proposed Redactions to their respective Pretrial Statement Exhibits, Docs. 252 & 257, are **GRANTED IN PART AND DENIED IN PART**. Parties shall file joint redacted versions of the relevant documents pursuant to the Court's findings by **March 22, 2022**.

IT IS SO ORDERED.

March 17, 2022                                              s/Cathy Bissoon
                                                                       Cathy Bissoon
                                                                       United States District Judge

cc (via ECF email notification):
All Counsel of Record