**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-538 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| SEAGATE TECHNOLOGY (US) HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff's Motions *in Limine* ("MIL") are resolved as follows.

MIL 1 (Doc. 305) to preclude evidence and argument to the jury related to the standing issue is **DENIED AS MOOT** in light of the Court's March 14, 2022 Order (Doc. 412) that Plaintiff is entitled to summary judgment on Defendants' affirmative defenses of lack of standing and express license.

MIL 2 (Doc. 306) to exclude portions the expert testimony of Dr. Eric Fullerton and Dr. Eric Stach is **DENIED**.  Plaintiff's objections are improper Daubert challenges because they go to the weight of the experts' opinions, not their admissibility.  To be sure, while any testimony that disregards the Court's prior claim construction order would not be countenanced, the dueling experts are free to challenge the methods employed by and the conclusions reached by their counterparts.

MIL 3 and MIL 4 (Docs. 285 & 307), to preclude the testimony of John Morris and any evidence or argument regarding litigation funders, respectively, are **DENIED AS MOOT** in light of Defendants' stipulation dated March 11, 2022. (Doc. 410.)

MIL 5 (Doc. 308) to preclude any evidence or argument of non-infringement on topics for which Seagate's Rule 30(b)(6) witness disclaimed knowledge is **DENIED**.  Because the testimony of a Rule 30(b)(6) witness is not considered to be a formal and final judicial admission, it does not preclude Defendants from offering additional or even contradictory proof at trial.  See Hanna v. Giant Eagle Inc, 777 F. App'x 41, 42 (3d Cir. 2019) (explaining that testimony of a Rule 30(b)(6) witness may be contradicted or used for impeachment at trial).

MIL 6 (Doc. 288) to preclude all evidence and argument relating to patent invalidity under 35 U.S.C. § 101 is **DENIED AS MOOT** in light Defendants' election to have the Court decide that issue post-trial. (Doc. 325.)

MIL 7 (Doc. 289) to preclude all evidence and argument relating to patent invalidity under 35 U.S.C. §§ 102 and 103 is **GRANTED IN PART AND DENIED IN PART**.  While Defendants concede that they are not pursuing affirmative defenses of invalidity under §§ 102 and 103, to the extent the underlying evidence also is relevant to other issues in this case—*i.e.*, damages, lack of enablement and non-infringement—the Court will determine its relevancy, if necessary, during the course of trial.

MIL 8 (Doc. 290) to exclude portions of the expert testimony of Dr. Caroline A. Ross regarding Seagate's Section 112 defenses is **DENIED**.  Plaintiff's disagreement with Dr. Ross's formulation of POSITA does not render her opinion inadmissible under Daubert.  Rather, such arguments properly go to the weight of the evidence.  Similarly, Plaintiff's objection to Dr. Ross's opinion regarding the "screening" measurements challenges her conclusions, not her qualifications or methodology.

MIL 9 (Doc. 309) to exclude portions of the expert testimony of John C. Jarosz and to exclude evidence of Plaintiff's tax return from the jury is **DENIED**.  Plaintiff's objections are

improper under <u>Daubert</u> because they challenge Jarosz conclusions.  Such challenges properly go

to the weight of the evidence, not admissibility.  And Plaintiff's valuation of the '988 Patent as

reflected in the tax returns is probative evidence of the reasonableness of the claimed royalty

damages.

MIL 10 (Doc. 292) to sustain objections to an exclude Seagate's deposition designations

is **DENIED** without prejudice.  Not only has Plaintiff failed provide sufficient reasoning for the

Court to evaluate the requested exclusions, but some of the requests also are moot in light of the

Court's recent orders as well as Defendants' withdrawal of certain deposition designations. (Doc.

355.)


**IT IS SO ORDERED**.

March 22, 2022                                                    s/Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge


cc (via ECF email notification):
All Counsel of Record