IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 16-538 ) ) Judge Cathy Bissoon |
| SEAGATE TECHNOLOGY (US) HOLDINGS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Defendants' Motions *in Limine* ("MIL") are resolved as follows.

MIL 1 (Doc. 297) to bifurcate liability from damages during the trial is **DENIED**. Bifurcation is not warranted because Defendants have failed to demonstrate that it would be more convenient, avoid prejudice or expedite resolution of the trial. Fed. R. Civ. P. 42(b).

MIL 2 (Doc. 298) to exclude testimony of Drs. William Clark and Kevin Coffey regarding the crystal structure of Seagate's NiFe layers is **DENIED**. Defendants' objections are improper Daubert challenges because they go to the weight of the experts' opinions, not their admissibility.

MIL 3 (Doc. 299) to clarify Court's prior claim constructions and exclude contradictory expert testimony is **DENIED**. Plaintiff's position with respect the claim's "uniaxial" requirement does not raise a claim construction dispute. Therefore, Defendants' reliance on O2 Micro is misplaced. And because Plaintiff's experts correctly applied the Court's constructions in their analysis, there is no basis to exclude their testimony.

MIL 4 (Doc. 300) to exclude the anisotropy calculations of Dr. Kevin Coffey is **DENIED**. Defendants objections are improper under Daubert because they challenge Dr. Coffey's conclusions, not his qualifications or methods.

MIL 5 (Doc. 301) to exclude Catherine Lawton's royalty rate and cost savings opinion is **DENIED**. That Defendants dispute Lawton's interpretation of certain evidence does not render her opinions inadmissible under Daubert. While Defendants may challenge those opinions and the basis for them, such arguments properly go to the weight of the evidence and Lawton's credibility.

MIL 6 (Doc. 302) to exclude any evidence regarding any unpreserved and unsupported royalty base is **GRANTED**. Based on Plaintiff's Pretrial Statement, damages will be limited to "a running royalty of $0.30 per infringing HGA shipped by [Defendants] in the United States during the damages period"—which corresponds to royalty base under Catherine Lawton's "U.S. Ship To/Bill To" scenario.

MIL 7 (Doc. 272) to exclude Catherine Lawton from testifying about hearsay evidence and summarizing fact evidence is **DENIED**. Lawton's expert opinions are relevant, reliable and admissible under Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

MIL 8 (Doc. 273) to exclude any evidence, testimony, or argument regarding irrelevant other litigation is **DENIED**. Lawton's expert opinions are relevant, reliable and admissible under Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

MIL 9 (Doc. 274) to exclude opinion testimony from David Lambeth will be **GRANTED IN PART AND DENIED IN PART**. While Dr. Lambeth's may testify about the '988 Patent based on his personal knowledge, he will be precluded from offering any expert testimony

regarding validity or infringement.  See Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc., 602 F.3d 1325, 1339–40 (Fed. Cir. 2010) ("The district court properly allowed testimony from the witnesses about the patents they invented based on their personal knowledge, and properly excluded these same witnesses from providing expert testimony on invalidity for which they had not previously provided expert reports or been qualified as an expert."); Air Turbine Tech., Inc. v. Atlas Copco AB, 410 F.3d 701, 714 (Fed. Cir. 2005) ("[T]he fact that [the witness] may have particularized knowledge and experience as a co-inventor of the claimed invention does not necessarily mean he also has particularized knowledge and experience in the structure and workings of the accused device.  Under these circumstances, we cannot say that the district court abused its discretion in concluding that [the witness's] testimony amounted to improper expert testimony.").

MIL 10 (Doc. 275) to exclude reference to a "presumption of validity" is **DENIED**.  Based on the parties' briefing, the Court presumes that this issue only will arise in the context of jury instructions and, as such, the denial is without prejudice to its consideration at the final charging conference.

MIL 11 (Doc. 303) to exclude any evidence, testimony, or argument regarding a note written by Dr. Lambeth in 2009 and an alleged conversation with Dr. Kaizhong Gao is **DENIED**.  The statements in the note attributable to Dr. Gao are admissible under Federal Rule of Evidence 801(d)(2), i.e., non-hearsay admissions by a party-opponent, whereas Dr. Lambeth's statements, when coupled with Dr. Gao's deposition testimony, are admissible under the residual exception pursuant to Federal Rule of Evidence 807.

MIL 12 (Doc. 277) to exclude any evidence, testimony, or argument regarding Defendants' overall total profits or revenue and hard disk drive profits or revenues is

**GRANTED**.  Given that the entire market value rule is inapplicable, the risk of misleading the jury and causing unfair prejudice to Defendants substantially outweighs any probative value of the overall profits and revenues.  See Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.")

MIL 13 (Doc 304) is **DENIED IN PART AND GRANTED IN PART**.  To the extent Defendants seek to exclude portions of Mr. Wooldridge's testimony, the motion is **DENIED AS MOOT** in light of the Court's March 14, 2022 Order (Doc. 412) that Plaintiff is entitled to summary judgment on Defendants' affirmative defenses of lack of standing and express license.  As to exclusion of certain portions of Patrick Shay's testimony, the motion is **GRANTED**.  Defendants' corporate structure and the reasons behind their parent company switched its country of incorporation from the Cayman Islands to Ireland have no tendency to make more or less probable any fact related to the issues of non-infringement, invalidity, or damages.  Fed. R. Evid. 401.

MIL 14 (Doc. 279) to preclude Plaintiff from pursuing an unpled and undisclosed claim of willful infringement at trial and from introducing any evidence to support such a claim is **GRANTED**.  Plaintiff has neither pleaded this claim in the Complaint, nor disclosed any theory of willful infringement as specifically required under the Court's local rules related to patent cases.

**IT IS SO ORDERED**.

March 23, 2022                                           s/Cathy Bissoon
                                                         Cathy Bissoon
cc (via ECF email notification):                         United States District Judge
All Counsel of Record